UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R-BOC REPRESENTATIVES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 11 C 8433 |
| v. | ) |
| | ) Magistrate Judge Jeffrey Cole |
| JOHN T. ("TOM") MINEMYER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**A.**

The case, now in its eighth year and with its hour perhaps coming round at long last, continues its slouch toward a conclusion.[1] As we near trial – postponed from September 10th to September 15th – the plaintiffs in this case, R-Boc representatives, have filed a raft of motions. R-Boc wants to amend its invalidity contentions and supplement its expert report. The deadline for doing both of those things has long passed so it needs leave of court. N.D.Ill. Local Patent Rules 3.4, 5.3. And, assuming it gets that leave, it also has filed a motion for summary judgment based on its brand new invalidity theory. The theory is one R-Boc swears it could not possibly have come up with before the Supreme Court issued its Opinion on indefiniteness in *Nautilus, Inc. v. Biosig Instruments, Inc.*, – U.S. –, 134 S.Ct. 2120 (2014), on June 2, 2014. R-Boc's own submissions, however, demonstrate otherwise, and all three of its motions must there be denied.

The issue here is the language in the patent specification that reads "approximately perpendicular." This is the language that R-Boc now claims is indefinite, thereby rendering the

---

[1] With apologies to W.B. Yeats.

patent claim invalid. *See* 35 USC §112 ¶2. R-Boc allows that the claim term has, some time ago, been defined as "approximately 90 degrees." R-Boc concedes that it and Mr. Minemyer agreed to this definition and also suggests that I defined the term as well – which is not accurate. So, the claim certainly wasn't indefinite then, or at least R-Boc didn't think it was. Now, however, R-Boc contends that the *Nautilus* decision changes everything. Relying on that decision, R-Boc now insists that the claim is indefinite after all.

**B.**

At the outset, it is important to clarify the genesis of what suddenly, to R-Boc, is the claimed imprecise definition of the term, "approximately perpendicular." It was R-Boc's counsel, not the court, who proposed the definition that approximately perpendicular means "approximately 90 degrees." [Case No. 07-1763, Dkt. # 346-2, at 11, ¶ 37].[2] Mr. Minemyer's counsel's then agreed to the definition. [Dkt. # 118, at 4; # 120, at 4; #126, at 6]. Neither asked for a Markman hearing, and thus Judge Coar accepted the parties' agreed upon definition, which I used in instructing the jury. [Dkt. # 118, at 4; #120, at 4; #126, at 6].

Thus, this is not, as R-Boc claims, an instance of the defendant repeatedly avoiding a "merits-based determination." [Dkt. # 138, at 4]. A merits-based decision was well within R-Boc's grasp when it proposed a construction of the claim and opted to forego a *Markman* proceeding before Judge Coar six years ago. It's become clear, as this case has proceeded, that R-Boc has rethought that decision. But parties must live with the consequences of the strategic decisions they and their lawyers make. *Crowe ex rel. Crowe v. Zeigler Coal Co.*, 646 F.3d 435, 444 (7th Cir. 2011); *Sahyers*

---

[2] Coincidentally, R-Boc's counsel appears to have proposed defining "approximately" as "approximately" and leaving it at that. [Dkt. #346-2, at 6-7, ¶18].

*v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1245 (11th Cir. 2009); *Silc v. Crossetti,* 2013 WL 3872196, 3 (N.D.Ill. 2013)(collecting Seventh Circuit decisions).

**C.**

According to R-Boc, its counsel's proposal of the now purportedly faulty definition was a product of the case law that existed at the time. [Dkt. # 120, at 2-3]. But, R-Boc insists, everything is different now because *Nautilus* has set out a "powerful new standard" under which "approximately perpendicular" could no longer be able to be defined as "approximately 90 degrees."

In *Nautilus,* the Supreme Court overturned the Federal Circuit's approach to questions of indefiniteness that asked whether a claim was "amenable to construction" or "insoluably ambiguous." The Supreme Court concluded that such a standard could "breed lower court confusion" because it lacked the precision that §112 ¶2 demands. 134 S.Ct. at 2130. The Court held that a patent claim, when viewed in light of the specification and prosecution history, must "inform those skilled in the art about the scope of the invention with reasonable certainty." 134 S.Ct. at 2129. This standard, the Court said, "mandates clarity, while recognizing that absolute precision is unattainable." 134 S.Ct. at 2129. This standard, the Court emphasized, "accords with opinions of this Court stating that 'the certainty which the law requires in patents is not greater than is reasonable, having regard to their subject-matter.'" 134 S.Ct. at 2130.

How "new and powerful" the standard announced in *Nautilus* are remains to be seen. Commentators are not united on it being as drastic a change as R-Boc suggests in its briefs. *See, e.g.*, http://www.newyorklawjournal.com/id=1202665436227/Patent-Indefiniteness-After-Nautilus#ixzz3ABV5i44F;http://www.lexology.com/library/detail.aspx?g=1d3c22a4-5df8-4d66-a7df-b071440050fd;http://www.patentdocs.org/2014/06/

nautilus-inc-v-biosig-instruments-inc-2014.html. Interestingly, the Supreme Court was sensitive to the argument that the "insoluably ambiguous" test might have been a "shorthand label" for a more probing inquiring that the Federal Circuit applies in practice ( and thus and not so different from the new "reasonable certainty" standard), and that the "Federal Circuit's fuller explications of the term 'insolubly ambiguous,' [] may come closer to tracking the statutory prescription [of §112 ¶ 2]." 134 S.Ct. at 2130.

Nonetheless, while the Supreme Court does not "micromanag[e] the Federal Circuit's particular word choice" in applying patent-law doctrines, the Court in *Nautilus* emphasized that its task was to ensure that the Federal Circuit's test is at least "probative of the essential inquiry." The expressions "insolubly ambiguous" and "amenable to construction" fell short in that regard. Since they permeated the Federal Circuit's recent decisions, the Court held that such terminology can leave courts and the patent bar "at sea without a reliable compass" *Id.*[3]

Properly read, *Nautilus* was about the Federal Circuit's phrasing of the test for indefiniteness, not the usage or permissibility of terms of approximation, which "'are ubiquitous in patent claims.'" *Deere & Co. v. Bush Hog, LLC*, 703 F.3d 1349, 1359 (Fed. Cir. 2012).

.                                            **D.**

The last two times R-Boc tried to avoid its definition of "approximately perpendicular," it was pointed out that terms like "approximately" are terms of approximation – like "substantially"

---

[3] The published opinions in the predecessor to this case and which tell the entire history and course of that litigation are: *Minemyer v. R-Boc Representatives, Inc.*, 2012 WL 2155240 (N.D.Ill. 2012); 839 F.Supp.2d 1004 (N.D.Ill 2012); 2012 WL 379904 (N.D.Ill. 2012); 2012 WL 346621 (N.D.Ill. 2012); 2011 WL 1113146 (N.D.Ill. 2011); 2011 WL 1099265 (N.D.Ill. 2011); 2010 WL 3787093 (N.D.Ill. 2010); 2009 WL 3738395 (N.D.Ill. 2009); 2009 WL 3753578 (N.D.Ill. 2009); 695 F.Supp.2d 797 (N.D.Ill. 2009); 678 F.Supp.2d 691 (N.D.Ill. 2009); 678 F.Supp. 2d 691 (N.D.Ill. 2009). Familiarity with those Opinions will be presumed in this Opinion.

or "generally." [Case No. 07-1763, Dkt. # 363, at 4 n.2; #515, at 19 (citing *Anchor Wall Systems, Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298, 1310-11 (Fed.Cir. 2003)].[4] Indeed, the Federal Circuit has repeatedly and consistently confirmed that relative terms such as "substantially" and "approximately," do not render patent claims so unclear as to prevent a person of skill in the art from ascertaining the scope of the claim. *Id.*; *Ecolab, Inc. v. Envirochem, Inc.,* 264 F.3d 1358, 1367 (Fed.Cir.2001).

The line of Federal Circuit precedent approving of such terms of approximation goes back decades and holds that such terms "reasonably serve to describe the subject matter to those of skill in the field of the invention." *Andrew Corp. v. Gabriel Elecs. Inc.*, 847 F.2d 819, 821-22 (Fed.Cir. 1988). That sounds not so different from "inform[ing] those skilled in the art about the scope of the invention with reasonable certainty," *Nautilus*, 134 S.Ct. at 2129, as R-Boc claims. Certainly, it is not so different as to merit a tardy amendment under the Local Rules especially when those Rules require a movant to demonstrate good cause for a failure to act earlier. N.D.Ill. Local Patent Rule 3.4, 5.3.

Properly read, nothing in *Nautilus* holds that such terms are now forbidden by the definiteness requirement, as courts have recently held. *Cf., Perfectvision Mfg., Inc. v. PPC Broadband, Inc.*, 2014 WL 4285786, 18 (E.D.Ark. 2014)("The Supreme Court's decision in *Nautilus* did not overturn or address the Federal Circuit's decisions regarding the use of "substantially."); *Thomas Swan & Co. v. Finisar Corp.*, 2014 WL 2885296, *25 (E.D.Tex. 2014)(" *Nautilus* does not

---

[4] These rulings, which foreclosed R-Boc's attempt to revisit, through the tool of summary judgment and a motion for judgment as a matter of law, its chosen definition of "approximately perpendicular" as "approximately 90 degrees" was upheld on appeal to the Federal Circuit in July of 2013. [Dkt. # 529]; *Minemyer v. R-Boc Representatives, Inc*., 515 Fed.Appx. 897 (Fed.Cir. 2013), *cert. denied,* _U.S._, 134 S.Ct. 2133 (2014).

overturn, or even address, the above-cited cases. To the contrary, the Supreme Court emphasized that the definiteness inquiry does not require "absolute precision" because, for example, the statute "must take into account the inherent limitations of language" and "[s]ome modicum of uncertainty ... is the price of ensuring the appropriate incentives for innovation.").

In sum, R-Boc falls far short of demonstrating good cause for its failure to come up with this invalidity contention on time – a failure that was the product of its own strategic decision made years ago.

**E.**

But we need not wager all on how "new and powerful" the *Nautilus* standard really is. According to R-Boc, it proposed its definition of "approximately perpendicular" as "approximately 90 degrees" under the baleful compulsion of Federal Circuit precedent as it stood prior to *Nautilus*. In other words, if it knew then what it knows now, it never would have done such a thing. [Dkt. #118, at 2-3, 5; # 120, at 2-3, 5; # 126, at 6]. Of course, given the punctiliousness of R-Boc's counsel, it is difficult to imagine that in succumbing to prior precedent, he focused exclusively on those cases that employed the now discredited "insolubly ambiguous" shorthand and ignored the cases that *Nautilus,* itself, describes as offering a "fuller explication" of the standard. But we need not leave the matter to inference, for R-Boc's own briefs – its summary judgment brief in particular -- show that R-Boc was aware of the cases cited approvingly by *Nautilus*.

As noted, the standard for amendment to final infringement contentions requires a showing of good cause and prompt action after discovery of the basis for the amendment. N.D.Ill. Local Patent Rule 3.4. Similarly, an amendment to an expert report can be made only upon a showing of good cause that the amendment could not have been made earlier. N.D.Ill. Local Patent Rule 5.3.

Both rules also require that the opposing party not be unfairly prejudiced by the amendment. R-Boc has the burden of demonstrating both good cause and lack of prejudice. *Kruse Technology Partnership v. Volkswagen AGREEMENT*, 544 Fed.Appx. 943, 953-54 (Fed.Cir. 2013); *Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2012 WL 5444979, 7 (N.D.Ill. 2012). R-Boc has shown neither.[5]

R-Boc informs us that its new charge of indefiniteness is based on a line of Federal Circuit cases dealing with terms of degree. It cites *Seattle Box Co. v. Indus. Crating & Packing, Inc.*, 731 F.2d 818 (Fed. Cir. 1984); *Haliburton Energy Servs., Inc. v. M-I, LLC*, 514 F.3d 1244 (Fed.Cir. 2008); *Exxon Research and Engineering Co. v. United States*, 265 F.3d 1371 (Fed. Cir. 2001), along with a couple of district court opinions from 1999 and 2000. [Dkt. # 126, at 3, 7-9]. The import of these decisions, R-Boc tells us, is that when a term of degree is used in a patent claim – R-Boc contends that "approximately perpendicular" is such a term – the patent must provide some standard for measuring that degree. R-Boc argues that the patent-in-suit fails this test. And then, with no sense of irony, R-Boc says that *Nautilus* "*left these principles undisturbed.*" [Dkt. # 126, at 3](emphasis supplied). This concession dooms R-Boc's contention that its current position was unthinkable and unavailable before *Nautilus*.

These "undisturbed" principles on which R-Boc is basing its new invalidity contentions were as available to R-Boc when it made its final invalidity contentions in December 2013 and when it submitted its expert report in May 2014, as they are in the wake of *Nautilus*. Consequently, it is obvious that they were available when R-Boc's counsel came up with the proposed construction of

---

[5] Decisions enforcing local patent rules are within the discretion of the district court, and the Federal Circuit will only overturn such a decision if it is "clearly unreasonable, arbitrary, or fanciful; based on erroneous conclusions of law; clearly erroneous; or unsupported by any evidence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364–65 (Fed.Cir. 2006); *Kruse*, 544 Fed.Appx. at 948.

the claim in 2008. For whatever reason, cases like *Seattle Box* and *Exxon Research* did not give counsel pause back then. If the claim language fails under those hoary cases now, it failed under them long before *Nautilus* and long before December 2013, before May 2014, and before counsel made his proposal.

Then there is the language that R-Boc relies upon from the *Nautilus* opinion. R-Boc claims that it has made "significant and good faith modifications" to its infringing coupler. And so, it demands that it have the benefit of the Supreme Court's pronouncements in *Nautilus* that "'a patent be precise enough to afford clear notice of what is claimed, thereby apprising the public of what is still open to them'" . . . "'[o]therwise there would be a zone of uncertainty which enterprise and experimentation may enter only at the risk of infringement claims.'" [Dkt. # 118, at 4; # 120, at 4;#126, at 10].[6]

Oddly, R-Boc overlooks the fact that *Nautilus*' quotations were from an 18-year-old case – *Markman v. Westview Instruments, Inc.*, 317 U.S. 228, 236 (1996) – and a 62-year-old case, *United Carbon Co. v. Binney & Smith Co.*, 317 U.S. 228, 236 (1942). *See Nautilus*, 134 S.Ct. at 2129. In short, *Nautilus* may be a new case, and it may have rejected the Federal Circuit's "[in]felicitous" phrasing of a standard, but R-Boc's new invalidity contention is not based on anything that was not available to counsel long ago. And that's according to R-Boc's own brief.

---

[6] It is not exactly clear what the extant modifications have to do with the invalidity argument. The argument might be clearer if the plaintiff said it wanted to make future modifications, but was unsure of how to proceed safely.

In the wake of R-Boc's losses at trial and in the Federal Circuit, their assertion that they have acted in good faith is not an uncontroversial claim. [Dkt. #60].

This is a waiver of an argument regarding indefiniteness in any sense, and the fact that R-Boc's indefiniteness contention is based on case law that was readily available to counsel at the time he came up with his definition for the claim term certainly scuttles any contention that there was good cause for sitting on this until June 16th. R-Boc is simply using the *Nautilus* decision as a kind of Trojan horse for its eleventh-hour invalidity contentions under the cover of "good cause." As such, its motion to amend its invalidity contentions and its expert report must be denied, and along with it, the summary judgment motion that is based on that invalidity contention.

**F.**

That being said, there is no need to address whether R-Boc has shown lack of prejudice to the defendant. But an observation is in order. For R-Boc, there is no prejudice to defendant because R-Boc is amenable to allowing defendant whatever extensions it needs. [Dkt. #118, at 6; #120, at 7]. But that argument misses the mark, for it ignores the principle that the public has a significant and transcendent interest in the speedy and efficient resolution of disputes and that delay alone can impair the public interest in the prompt resolution of disputes. *Dalton v. C.I.R.,* 682 F.3d 149, 156 (1st Cir.2012; *Matter of Stavriotis*, 977 F.2d 1202, 1205 (7th Cir. 1992); *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1380 (7th Cir. 1990).

There comes a point where delay, itself, is prejudicial. *Id.* We are at that point now, if we haven't already been before. Although R-Boc is now the plaintiff in this case, while it was the defendant in the earlier case that went to trial, the core dispute is now over seven years old. It has made it through one trial and up to the Federal Circuit, where the verdict against R-Boc was upheld – along with every one of the fourteen rulings R-Boc appealed. [Dkt. # 529]; *Minemyer v. R-Boc Representatives, Inc.*, 515 Fed.Appx. 897 (Fed.Cir. 2013). A month later, the Federal Circuit denied

petitions for rehearing and rehearing *en banc*, and the Supreme Court denied *certiorari*. And now faced with trial, R-Boc advances an argument about a sea change in the law that it contends should put off the trial so that the court can look at an issue that R-Boc, with full knowledge of the case law it relies upon throughout its motions to amend and its summary judgment motion, chose to waive long ago. The defendant calls this "facile opportunism." Call it what you will, the argument now advanced by R-Boc is unavailing.

## CONCLUSION

The plaintiff's motions to amend its invalidity contentions [Dkt. # 118], supplement its expert report [Dkt. # 120], and for summary judgment that Claim 12 is Invalid as indefinite under 35 USC §112, ¶2 [Dkt. # 125], are DENIED.

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/5/14