# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **R-BOC REPRESENTATIVES, INC.,** | ) | |
| **ROBERT LUNDEEN, CAROLYN** | ) | |
| **LUNDEEN, DURA-LINE CORPORATION,** | ) | |
| **TIMOTHY GRIMSLEY, PRECISION** | ) | |
| **CUSTOM MOLDERS, INC., and EDWARD** | ) | |
| **KRAJECKI,** | ) | |
| | ) | |
| **Plaintiffs-Counterclaim Defendants,** | ) | |
| | ) | **No. 11 C 8433** |
| **v.** | ) | |
| | ) | **Magistrate Judge Jeffrey Cole** |
| **JOHN T. ("TOM") MINEMYER**, | ) | |
| | ) | |
| **Defendant-Counterclaim Plaintiff.** | ) | |

## MEMORANDUM OPINION

Plaintiffs move for reconsideration of this court's September 5th ruling denying their motion for leave

to amend its invalidity contentions, to supplement its expert report, and for summary judgment on the issue

of invalidity for indefiniteness. The contention is that reconsideration is warranted in the wake of the

Federal Circuit's ruling in *Interval Licensing LLC v. AOL, Inc.*, 2014 WL 4435871 (Fed. Cir. 2014).

The argument is essentially a rehashing of the plaintiffs' rejected argument in previous motions, substituting

*Interval Licensing, LLC.* for *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S.Ct. 2120 (2014), as

another case that suddenly gives rise to an invalidity defense that supposedly was not there before. And,

for essentially the same reason those prior motions had to be denied, this most recent one does, too.

Shakespeare's phrase, uttered by his melancholy Dane, is "hoist with his own petard." A *pétard*

– from Middle French – was a mine or small bomb and, if the engineer's timing was off as he set the

charge, he might be "hoist" – raised up in the explosion of his own device. Plaintiffs' counsel in this case have already been hoist with more than one petard of his own devising. And now, for at least the fourth time, *see R-Boc Representatives, Inc. v. Minemyer,* – F.Supp.2d –, –, 2014 WL 4412311, *3 (N.D.Ill. 2014), plaintiffs' counsel asks the court to dig them out from the rubble resulting from their own engineering.

Having addressed plaintiffs' position at length on more than one occasion, the finity of life dictates that an inordinate amount of time not be devoted to it once again. Six years ago, plaintiffs' counsel crafted a construction of the patent term "approximately perpendicular." *C'est une pétard.* Once Mr. Minemyer's counsel accepted that construction, plaintiffs' counsel then decided to forego a *Markman* hearing. *C'est deux pétards*. Plaintiffs' counsel followed that up by making a considered decision – according to their previous motions, anyway – to waive the defense of invalidity due to indefiniteness; *le troisième pétard*.

In their previous motion, plaintiffs' counsel claimed that their decision to forgo a *Markman* hearing and waive their invalidity defense was a product of their considered examination of the case law at the time. The Supreme Court's recent decision in the *Nautilus* case, they said, changed everything. *See R-Boc*, 2014 WL 4412311, 3 ("According to R–Boc, . . . if it knew then what it knows now, it never would have done such a thing."); *see also* Dkt. # 118, at 2–3, 5; # 120, at 2–3, 5; # 126, at 6. Unfortunately for counsel, their own motion for summary judgment – *le quatrième pétard* – blew up the credibility of their claim.

As pointed out in the September 5th Opinion, the arguments in plaintiffs' motion regarding why the patent term at issue is indefinite were all readily available six years ago when plaintiffs' counsel came up with their construction, passed on a *Markman* hearing, and waived invalidity. *See R-Boc*, 2014 WL

4412311, 3-4. Specifically, plaintiffs' counsel argued that invalidity due to indefiniteness was supported

by Federal Circuit cases from 1984, 2001, 2008, and Supreme Court cases from 1996 and 1942. With

the exception of the 2008 case, all these cases – and more – were at plaintiffs' counsel's disposal when

they made their considered decision to forgo a *Markman* hearing and waive their defense of invalidity

based on indefiniteness. *Id.*

As the September 5th ruling stated, it did not matter whether *Nautilus* set forth a "powerful" new

standard or not. Plaintiffs' counsel had every opportunity and basis to assert their invalidity defense long

before *Nautilus,* and they chose not to. All this is ignored by plaintiffs' motion for reconsideration. The

situation is no different with the Federal Circuit's recent decision in *Interval Licensing*.

Overlooked by the plaintiffs is the Federal Circuit's recognition in *Interval Licensing* that *Nautilus*

did not hold that "terms of degree are inherently indefinite." 2014 WL 4435871, 4. That is precisely the

point that was made in denying the plaintiffs' three prior motions in this case. *R-Boc*, 2014 WL 4412311,

3. Indeed, *Interval Licensing* stressed that claim language "employing terms of degree has long been found

definite where it provided enough certainty to one of skill in the art when read in the context of the

invention." The Federal Circuit pointed to a 1923 Supreme Court case finding "'substantial pitch'"

sufficiently definite because one skilled in the art had no difficulty in determining what was the substantial

pitch needed to practice the invention. *Id.* It then pointed to its own 2010 opinion holding that the claim

phrase "not interfering substantially" was not indefinite even though the construction defined the term

without reference to a precise numerical measurement. *Id. Interval Licensing* invalidated a claim that used

the phrase "unobtrusive manner." The Federal Circuit did not need *Nautilus* to find indefiniteness. Equally,

it is utterly unpersuasive to try to equate that utterly open-ended phrase with "approximately

3

perpendicular."

The inescapable fact – which the plaintiffs continue to ignore – is that they made a strategic decision six years ago despite case law they have since claimed – or, to put a finer point on it, conceded – supported an indefiniteness contention. Like all strategic decisions made in litigation, they have consequences. And those who make them may not blithely act as though they had never been made. *See Crowe ex rel. Crowe v. Zeigler Coal Co.*, 646 F.3d 435, 444 (7th Cir.2011); *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1245 (11th Cir.2009); *Silc v. Crossetti*, 956 F.Supp.2d 957, 961–62 (N.D.Ill.2013)(collecting Seventh Circuit decisions); *R-Boc*, 2014 WL 4412311, 1.

The plaintiffs' motions are not about new case law. They are about strategic decisions that proved imprudent. Although claiming that their current claim of indefiniteness was not previously available because case law was against them at the time, they have conceded, unwittingly perhaps, that case law at the time, in fact, supported the defense and they chose quite deliberately not to advance it. Just because additional cases have come down that might also support the defense does not mean the plaintiffs are entitled to a do-over years after they made their decision. If the tacit philosophy underlying the current motion were to be accepted, litigation would go on interminably. "It has reached the point when the Court must say that enough is enough. Plaintiffs' motion for reconsideration... is denied." *Kim v. Department of Licensing of Washington State,* 2007 WL 1185883, 1 (W.D.Wash. 2007).

**Date:** 9/18/14          **ENTERED:** _____

                                                          UNITED STATES MAGISTRATE JUDGE

4